1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RICHARD MILLS,                        No. CIV S-10-3225-CMK-P

12              Plaintiff,

13       vs.                                <u>ORDER</u>

14   HEFFNER, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support

the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

Plaintiff names the following as defendants: Heffner, Heatley, and Hawkins, all of

whom are prison doctors, as well as J. Clark Kelso, the receiver for prison health care.  Plaintiff

alleges that defendants have treated him over the past year and, as such, know that he suffers

degenerative disc disease and that his condition is rapidly deteriorating.  Plaintiff adds:

> . . . The Defendants have acted very unreasonably in treating my condition,
> amounting to no corrective operation, which would otherwise satisfy the
> condition.  No reason whatsoever exists to excuse the ignorance of my
> medical condition by said Defendants and their ignoring my treatment is
> occurring purposely.  Said Defendants know that I am experiencing
> continuous pain and are not at all prescribing me effective pain
> medication, and have knowingly reduced the dosages I used to get.

The treatment a prisoner receives in prison and the conditions under which the

prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

511 U.S. 825, 832 (1994).  Negligence in diagnosing or treating a medical condition does not,

however, give rise to a claim under the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97,

102, 106 (1976).  Moreover, a difference of opinion between the prisoner and medical providers

concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.

See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

/ / /

/ / /

/ / /

1    The court finds that the allegations set forth in the complaint describe a difference

2    of opinion between plaintiff and prison doctors as to the appropriate course of treatment.  In

3    particular, plaintiff does <u>not</u> allege the complete denial of medical care.  Rather, he states that the

4    treatment he has received is "unreasonable" and that his medications are not "effective."  Thus, it

5    is clear that he is in fact receiving some kind of treatment and medication.  Plaintiff's

6    disagreement with the course of his treatment does not state a claim.

7    Because it does not appear possible that the deficiencies identified herein can be

8    cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

9    the entire action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

10   Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action

11   should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to

12   this order may result in dismissal of the action for the reasons outlined above, as well as for

13   failure to prosecute and comply with court rules and orders.  <u>See</u> Local Rule 110.

14   IT IS SO ORDERED.

15

16   DATED: June 22, 2011

17

18   **CRAIG M. KELLISON**
     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26