IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MILLS,  No. CIV S-10-3225-CMK-P

    Plaintiff,

  vs.  ORDER

HEFFNER, et al.,

    Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    On June 23, 2011, the court directed plaintiff to show cause within 30 days why

2 this action should not be dismissed for failure to state a claim.  The court stated:

3    Plaintiff names the following as defendants: Heffner, Heatley, and Hawkins, all of whom are prison doctors, as well as J. Clark Kelso, the receiver for prison health care.  Plaintiff alleges that defendants have treated him over the past year and, as such, know that he suffers degenerative disc disease and that his condition is rapidly deteriorating.  Plaintiff adds:

. . . The Defendants have acted very unreasonably in treating my condition, amounting to no corrective operation, which would otherwise satisfy the condition.  No reason whatsoever exists to excuse the ignorance of my medical condition by said Defendants and their ignoring my treatment is occurring purposely.  Said Defendants know that I am experiencing continuous pain and are not at all prescribing me effective pain medication, and have knowingly reduced the dosages I used to get.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 102, 106 (1976).  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The court finds that the allegations set forth in the complaint describe a difference of opinion between plaintiff and prison doctors as to the appropriate course of treatment.  In particular, plaintiff does not allege the complete denial of medical care.  Rather, he states that the treatment he has received is "unreasonable" and that his medications are not "effective."  Thus, it is clear that he is in fact receiving some kind of treatment and medication.  Plaintiff's disagreement with the course of his treatment does not state a claim.

22 Plaintiff was cautioned that failure to file a response to the order to show cause could result in

23 dismissal of the action, both for the reasons stated in the order to show cause and for lack of

24 prosecution and failure to comply with court rules and orders.  See Local Rule 110.  To date,

25 plaintiff has not filed a response to the order to show cause and the court finds that dismissal of

26 the action is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim;

2. Plaintiff's motion for injunctive relief (Doc. 2) is denied as moot; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: August 1, 2011

                                                _____
                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE